UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:14-cv-24053

AT LAW AND IN ADMIRALTY

DAVID SALISBURY,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian corporation, d/b/a
ROYAL CARIBBEAN CRUISE LINE,
d/b/a ROYAL CARIBBEAN INTERNATIONAL,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES**

The Plaintiff hereby sues the Defendant and files this Complaint for Damages, and says:

**THE PARTIES AND JURISDICTION**

1.    This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.    Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. The Plaintiff, DAVID SALISBURY, is a resident of Monmouth County, New Jersey.

4. The Defendant, ROYAL CARIBBEAN CRUISES, LTD., (hereinafter "Royal Caribbean"), is a foreign corporation incorporated in Liberia, authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida.

5. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT.** This incident occurred on Wednesday, December 11, 2013 at approximately 4:50 p.m.

8. **LOCATION OF INCIDENT.** This incident occurred on the rock climbing wall on the stern of the Royal Caribbean vessel *Jewel of the Seas*. Accordingly, the Plaintiff's claims are governed by the general maritime law.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. The Plaintiff is not in possession of the Passenger Contract Ticket. The Defendant is in possession of the Passenger Contract Ticket or a facsimile thereof.

10. **DESCRIPTION OF THE INCIDENT.** Royal Caribbean Cruises Limited doing business as Royal Caribbean Cruise Line (RCCL) has put rock climbing walls or artificial climbing walls on its ships for use by its passengers. The walls are tended to by at least one attendant supplied by Royal Caribbean. The job of the attendant is to hold a line which suspends the climber from a pulley fixed to a position in front and above the "wall". One end of the line is held by the attendant. The other end of the line is affixed to the harness into which the cruise passenger is fitted. The cruise line represents that it provides a fail-safe system or system of assistance whereby the attendant using the line and harness will catch and hold the cruise passenger even if the cruise passenger slips off of the climbing wall. The climbing wall is designed so that the amateur and completely inexperienced climber can use the wall and feel assured that if the climber becomes detached or loses footing on the wall he or she will be safe from falling as a result of the fail-safe or attendant system.

11. The cruise line knows that it must utilize and must inspect and maintain an auto belay to control the descent of the climber. This belay device is a hydraulic cylinder and/or braking system. The hydraulic cylinder and/or braking system must be utilized, inspected, repaired, and maintained properly in order to provide safety for the descent of a climber. If the device is not utilized, not inspected, not repaired, and/or not maintained properly, the device will not provide safe braking for the descent of the climber. In this case, the cruise line did not utilize, and did not

inspect, repair, and/or maintain the auto belay and/or braking system, therefore the cruise line relied solely on the actions of the attendant.  The attendant was neither trained nor appropriate for the job.  The attendant let go of the rope because his hands were burning and the brake malfunctioned causing the climber, in this case Plaintiff Salisbury to fall to the ground from just underneath the top portion of the wall.  This resulted in a free fall from approximately 30 feet above the ground.  When Plaintiff Salisbury hit the ground, he fell onto his feet and then fell back and hit his back and head.  This has caused serious, permanent, and debilitating injuries.

## COUNT I
## NEGLIGENCE

12. The Plaintiff, DAVID SALISBURY, hereby adopts and realleges each and every allegation in paragraphs 1 through 11, above.

13. **DUTIES OWED BY THE DEFENDANT**.  The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein.  See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); Carlisle *v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985).  The Defendant also owed a "duty to exercise reasonable care under the circumstances".  See, *Harnesk vs. Royal Caribbean Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit."  See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985). Vierling v. Celebrity Cruises, 339 F.3d 1309, 1319-20 (11th Cir. 2003)("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is

nondelegable, and that even the 'slightest negligence' renders a carrier liable). The cruise line has a duty to provide safe ingress and egress to and from the ship. *Tittle v. Aldacosta*, 544 F.2d 752 (5th Cir. 1977); *Bellocchio v. Italia Flotte* 84 F.2d 975 (2d Cir. 1936); *Samuelov v. Royal Caribbean,* 870 So.2d 853 (Fla. 3DCA 2004); and *Chan v. Society Expeditions*, 123 F.3d 1287 (9th Cir. 1997). More specifically "a high degree of care is demanded of common carriers towards their passengers," including the "duty to maintain reasonable, safe means for passengers to board and disembark." *McLean v. Royal Caribbean Cruises, Ltd.,* 2013 WL 1024257 (S.D.Fla.), citing *Vierling v. Celebrity Cruises, Inc.,* 339 F 3rd 1309, 1319 (11th Cir. 2003). This duty is non-delegable and "even the slightest negligence renders a carrier liable." *McLean v. Royal Caribbean Cruises, Ltd.,* 2013 WL 1024257 (S.D.Fla.), citing *Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309, 1319 (11th Cir. 2003).

14. The Defendant breached those duties and was negligent by:

   a. Failure to control passengers including the plaintiff herein while attached to the pulley system and climbing the wall and suspended more than 30 feet in the air;

   b. Failure to monitor the activities and descent of the passengers while on the rock climbing apparatus;

   c. Failure to warn the passengers to that of the assistant would not do his job, perform his duties, properly assist the passengers and would allow freefall;

   d. Failure to prevent injury of the passengers while rock climbing;

   e. Failure to maintain safe methods of operation and safe procedures for ensuring safety of the passengers and to prevent injury to the passenger using the rock climbing wall and in particular plaintiff herein;

  f. Failure to inspect reasonably and frequently the belay and brakes and other rock climbing equipment which controls the descent of the climber and thus prevents free falls and injuries;

  g. Failure to repair and maintain reasonably and frequently the belay and brakes and other rock climbing equipment which controls the descent of the climber and thus prevents free falls and injuries;

  h. Failure to screen, hire, retain, train, and monitor the cruise line personnel who are in charge of the equipment and the climbers at the rock climbing wall;

  i. Failure to properly and reasonably post warning notices in the area;

  j. Failure to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

  k. Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries;

  l. Failure to otherwise maintain the area and the premises in a safe and reasonable manner;

  m. Failure to comply with applicable standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence; and

  n. Failure to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence.

1401 BRICKELL AVE., SUITE 510, MIAMI, FL 33131 HICKEY LAW FIRM, P.A. TEL 305.371.8000 · FAX 305.371.3542

6

15. The Defendant created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an incident on the date referenced above in which the Plaintiff was severely injured.

16. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

17. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

18. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

19. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

20. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

21. As a result of the Defendant's negligence, the Plaintiff, DAVID SALISBURY, has suffered permanent economic damages in the past and in the future on a permanent basis including but not limited to medical expenses for medical care and treatment, household

expenses, past lost income, and future loss of the ability or capacity to earn income; and non economic damages in the past and in the future on a permanent basis including bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment and disability, inconvenience, scarring, and disfigurement, all of which in the past and in the future.

WHEREFORE, the Plaintiff demands judgment against Defendant, ROYAL CARIBBEAN, for all non-economic damages suffered in the past and in the future on a permanent basis as a result of the bodily and personal injuries suffered by the Plaintiff, DAVID SALISBURY, including but not limited to bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment, disability, inconvenience, scarring, and disfigurement; and economic damages suffered in the past and in the future on a permanent basis by the Plaintiff, DAVID SALISBURY, including but not limited to medical expenses, household and other expenses, loss of income, and loss of the ability and capacity to earn income in the future; all court costs; all interest which accrues from the date of the incident on all economic and non-economic damages under the General Maritime Law; and any and all other damages which the Court deems just and proper.

        **HICKEY LAW FIRM, P.A.**
        *Attorney for Plaintiff*
        1401 Brickell Avenue
        Suite 510
        Miami, FL 33131-3504
        P: 305.371.8000
        F: 305.371.3542

        By: */S/ John H. Hickey*
           JOHN H. HICKEY